**FUNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAURA C. DUGGER, | DOCKET NUMBER |
| Appellant, | CH-0752-17-0129-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: March 27, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laura C. Dugger, Fishers, Indiana, pro se.

Lisa M. Clark, Esquire and Stacey Letner, Esquire, Akron, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which dismissed her appeal.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2        The appellant retired from the GS-13 Lead Human Resources Specialist position effective December 1, 2016, three days before the agency's decision to remove her based on charges of misconduct was to become effective.  Initial Appeal File (IAF), Tab 1 at 6, 8.  The appellant filed a Board appeal alleging that she was forced to retire because she did not want the removal on her record.  *Id*. at 6.  The administrative judge issued an initial decision that dismissed the appeal because, after she filed her appeal, the appellant failed to provide any of the required submissions to proceed with it.  IAF, Tab 20, Initial Decision (ID) at 2.

¶3        The appellant has petitioned for review, alleging that she complied with all "Orders" to the best of her ability and claiming that she has "FEDEX" receipts to show such.  Petition for Review (PFR) File, Tab 1 at 3.  She also states that she

sent the Board a copy of a request for discovery, but the Board returned it.[3] *Id.* at 3-4. The agency has responded in opposition to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      The sanction of a dismissal with prejudice is a severe sanction, and the Board has held that it is only appropriate when necessary to serve the ends of justice and should only be imposed when (1) a party has failed to exercise due diligence in complying with Board orders; or (2) a party has exhibited negligence or bad faith in its efforts to comply. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011) (citing *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000)). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013); *see* 5 C.F.R. § 1201.43(b).

¶5      We find that the administrative judge did not abuse her discretion in imposing the sanction of dismissal with prejudice. The record reflects that, contrary to the appellant's assertion in her petition for review, she failed to provide any of the required submissions in this case. For example, she failed to respond to the administrative judge's first or second jurisdictional orders, IAF, Tab 3, 17, or to either of the administrative judge's two affirmative defense orders, IAF, Tabs 4, 16. Additionally, the appellant failed to appear for the scheduled prehearing conference. IAF, Tab 9 at 4, Tab 19; ID at 3. The appellant's statement on review that she complied with the administrative judge's

---

[3] In her petition for review, the appellant notes that the initial decision states that she alleges that "the Board" coerced her retirement and clarifies that she is alleging that the agency coerced her retirement. PFR File, Tab 1 at 4. As the appellant asserts, in one sentence, the initial decision states that the appellant "alleges the Board coerced her retirement." ID at 1. However, the initial decision in its entirety makes clear that the appellant is alleging that the agency coerced her retirement. The statement that "the Board" coerced the appellant's retirement is a typographical error.

orders to the best of her ability and that she has receipts to show that she made submissions below is wholly unsupported. In her petition for review, she references Federal Express receipts. PFR File, Tab 1 at 3. However, she has not submitted copies of those receipts with her petition for review.

¶6    In addition, the appellant's submission regarding discovery was properly returned and is not part of the record. IAF, Tab 18. The administrative judge's acknowledgment order provided basic discovery instructions to the appellant and referred her to the applicable regulations. IAF, Tab 2 at 3 (citing 5 C.F.R. §§ 1201.71–1201.85). Those basic instructions and the corresponding regulations both reflect an expectation that the parties would start and complete discovery with minimum Board intervention. IAF, Tab 2 at 3; *see King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 10 (2005) (recognizing that a party does not need the Board's approval to engage in discovery, and the Board generally only becomes involved in discovery matters if a party files a motion to compel), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006); 5 C.F.R. § 1201.71. Further, after her submission regarding discovery was returned, the administrative judge issued the appellant a Memorandum and Order to Show Cause, which clearly informed the appellant that failure to respond could result in her appeal being dismissed with prejudice, and the appellant did not respond. IAF, Tab 19.

¶7    Based on the foregoing circumstances, we agree with the administrative judge's finding that the appellant failed to exercise due diligence in prosecuting her appeal, and we affirm the dismissal with prejudice[4] for failure to prosecute. *See, e.g.*, *Williams*, 116 M.S.P.R. 377, ¶¶ 2-4, 9-12 (affirming the administrative

---

[4] The initial decision "dismissed" the appeal. ID at 1, 3. The initial decision does not state that the appeal is dismissed with prejudice. However, the Memorandum and Order to Show Cause issued by the administrative judge informed the appellant that her appeal might be dismissed with prejudice. Thus, we find that the administrative judge's intent was to dismiss the appeal with prejudice. Nonetheless, in this Final Order we make clear that the appeal is dismissed with prejudice.

judge's decision to dismiss an appeal for failure to prosecute because the appellant failed to respond to multiple Board orders); *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007) (finding that the administrative judge did not abuse her discretion by dismissing the appellant's claims for failure to prosecute when the appellant did not comply with multiple orders over a period of nearly 2½ months).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:             /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.